UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TAMMY LYNN DOLLINGER,

    Plaintiff,

v.                                    Case No:   6:15-cv-932-Orl-40TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

This case is before the Court on the Defendant's *ore tenus* motion to dismiss without prejudice. After due consideration I respectfully recommend that the motion to dismiss be **granted**.

### I. Background

Pro se Plaintiff, Tammy Lynn Dollinger filed her complaint on June 8, 2015, seeking review of the denial of her claim for Social Security disability insurance benefits (Doc. 1). The Commissioner answered the complaint and filed the transcript of the administrative proceedings on September 15, 2015 (Docs. 12, 14). I issued a scheduling order on September 17, 2015 (Doc. 15) wherein I directed Plaintiff to submit to the Commissioner by November 16, 2015, her portion of the Joint Memorandum explained in the Order (Id. at 1). The Clerk's Office mailed a copy of the scheduling order to Plaintiff the next day (Doc. 15). There is no indication in the docket that the mail was returned as undeliverable. On November 23, 2015, the Commissioner filed a Notice of Non-Compliance stating that Plaintiff had not timely submitted her portion of the Joint Memorandum (Doc. 16). The Notice states that attempts to reach Plaintiff by telephone

were unsuccessful and that her telephone number of record had been disconnected (Id.). The Commissioner also emailed the Plaintiff, but received no reply (Id.). Once I became aware of the situation, I set a status conference for December 9, 2015 (Doc. 17). The notice states that "the Plaintiff is required to be present." (Id.). The notice of hearing was mailed to Plaintiff on November 24, 2015, and was not returned as undeliverable.

Plaintiff failed to respond to the notice of hearing, and she did not appear at the status conference on December 9, 2015. A Courtroom Security Officer checked the hall and the public entrance to the courthouse and Plaintiff was not there. At that time, the Commissioner made an oral motion to dismiss this case without prejudice.

## II. Discussion

Federal Rule of Civil Procedure 41(b) provides "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal based on Plaintiff's failure to prosecute is also permitted under the Court's local rules which provide:

> Whenever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution.

M.D. Fla. R. 3.10(a).

The last record activity by Plaintiff was the delivery of completed summonses and the USM-285 to the Clerk on July 13, 2015 (Docs. 8-9). Since then, she has failed to comply with the case scheduling order, and the order setting the status conference. Plaintiff has failed to provide the Court with any new, better contact information, and she has otherwise failed to prosecute her case. Counsel for the Commissioner reports that

he was previously able to communicate with Plaintiff by email, but that she has failed to respond to his recent emails about the case. Thus it appears for all intents and purposes that Plaintiff has abandoned her case and that dismissal is warranted. See Fed. R. Civ. P. 41(b).

### III. Recommendation

For these reasons, I **RESPECTFULLY RECOMMEND** that Defendant's ore tenus motion to dismiss be **GRANTED** and that Plaintiff's case be dismissed without prejudice for failure to prosecute and failure to comply with two Court orders.

So that this Report and Recommendation and the Court's order have the best chance of reaching Plaintiff, I **RESPECTFULLY RECOMMEND** that they be mailed to her at her address of record, and emailed to her at TDOLL2K7@YAHOO.COM which is the email address provided by the Commissioner.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on December 10, 2015.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Plaintiff, pro se
    Counsel of Record